UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACHARY PAUL NUSH,

    Plaintiff,

v.                                                    Case No. 24-cv-378-bhl

JAMES K MUEHLBAUER and
SARAH ADJEMIAN,

    Defendants.

## SCREENING ORDER

On March 27, 2024, Plaintiff Zachary Paul Nush,[1] proceeding *pro se*, filed a complaint against Washington County Circuit Judge James K. Muehlbauer and Clerk of Circuit Court Sarah Adjemian alleging violations of federal law under 28 U.S.C. § 1331. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Nush reports that he is unemployed, was denied unemployment benefits, and has received no income from any source in the past twelve months. (ECF No. 2 at 1.) He lists assets of $19.47 in cash or accounts and a 2003 Chevy Tahoe with an estimated $2,500 value. (*Id.* at 2.) Nush also reports that he has a credit card with a principal balance due of $489, a past-due wireless bill totaling $668, a restitution debt of $12,392, and an additional $413 owing for court costs. (*Id.*) On these facts, Nush is sufficiently indigent to proceed IFP. As explained below, however, the

---

[1] Plaintiff self-identifies in his complaint as Zachary-Paul: Nush, a real living breathing man, Attorney-in-Fact. (ECF No. 1 at 1.)

Court lacks jurisdiction to hear Nush's complaint. Accordingly, the Court will dismiss Nush's complaint and deny his IFP motion as moot.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Nush's complaint relates to his state criminal conviction for exposing a child to harmful descriptions or narrations, contrary to Wis. Stat. § 948.11(2)(am), in Case No. 2022CF000241 in Washington County Circuit Court. (ECF No. 1 at 4; ECF No. 1-1 at 2.) He alleges that an amended judgment of conviction was entered May 1, 2023, with an electronic signature from Defendant Adjemain as Washington County Clerk of Court. (ECF No. 1 at 4–5.) Nush further alleges that the amended judgment of conviction is "lacking the court seal" and he could find no court order

or written documentation by Judge Muehlbauer (the judge of conviction) authorizing Adjemain to sign the amended judgment. (*Id.* at 5.)

According to Nush, these alleged procedural errors mean that the judgment was signed "in vacation," making it null and void. (*Id.*) Nush's legal bases for this assertion include the Judiciary Act of 1789, 28 U.S.C. § 1691, and Wis. Stat. § 806.06(2). (*Id.*) He also asserts that if the judgment is, in fact, null and void, it violates due process under the Fifth and Fourteenth Amendments. (*Id.* at 6.) Nush alleges that he has a petition for post-conviction relief currently pending in the Wisconsin Court of Appeals but believes that he "cannot lawfully pursue [his] appeal" because the court of appeals lacks jurisdiction to hear cases where judgment was issued "in vacation." (*Id.* at 5.)

Nush puts the following "Federal Questions" to the Court:
1. Is this judgement of conviction Legal, Lawful, and Constitutional?
2. Was this judgement of conviction properly invoking the jurisdiction of the court?
3. Was this judgement of conviction properly issued by the court, and not the judge or clerk of court "in vacation"?
4. Is this judgement of conviction self-nullifying? If not, does this judgment of conviction have the governmental force of law?
5. Does this judgement of conviction need the seal of the court to properly invoke the jurisdiction of the court?

(*Id.* at 5–6.)

Nush seeks "Injunctive Declaratory Relief" in the form of "an order of the removal of the record and such judgment and the case to have no governmental force at law at all, have no legal and lawful effect on Corporate Fiction ZACHARY PAUL NUSH© and [him], the real living breathing man, Zachary-Paul: Nush." (*Id.* at 6.) Nush also requests court costs and fees, as well as "self-attorney fees." (*Id.*)

## ANALYSIS

Nush invokes 28 U.S.C. § 1331 and the Court's federal question jurisdiction. But each of his "Federal Questions" seeks review of the state court judgment of conviction against him. The *Rooker-Feldman* doctrine bars such review. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983). Under *Rooker-Feldman*, this Court lacks jurisdiction to review state-court judgments except to the extent authorized by 28 U.S.C. § 2254. *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007). And while the

Court may construe Nush's complaint as a petition for writ of habeas corpus pursuant to § 2254, *see Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004), it will decline to do so for several reasons. First, by his own admission Nush has not exhausted his state court remedies as required to initiate collateral habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). Second, Nush's challenges are baseless. Section 2254 allows the Court to review a state prisoner's claim that he is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Nush complains about a procedure used to enter an amendment judgment and, while he invokes constitutional due process, his claim is that the amended judgment is "self-nullifying and has no governmental force of law." (ECF No. 1 at 6.) The authorities Nush cites for the proposition that the judgment is "null" or "void" do not support his claim. The Judiciary Act of 1789 and 28 U.S.C. § 1691 do not apply to state courts or any efforts they take to amend state court judgments. He also invokes Wis. Stat. § 806.06(2), but that is a state procedural rule that is not subject to federal review on habeas or in any other proceeding. Third, Nush requests relief in the form of "an order of the removal of the record and such judgment and the case to have no governmental force at law at all, have no legal and lawful effect." (*Id.*) Such relief is not available on habeas review, which "act[s] only on the body of the petitioner, not on the conviction itself." *See Brown v. Vanihel*, 7 F.4d 666, 670 (7th Cir. 2021).

Because Nush seeks review of a state-court judgment that is unavailable under § 2254, consideration of his complaint is barred by the *Rooker-Feldman* doctrine. Accordingly, the Court will dismiss Nush's complaint with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

## CONCLUSION

**IT IS HEREBY ORDERED** that Nush's motion for leave to proceed IFP, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Nush's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge